PATRICK E. WALSH, Appellant, *v.* THE MUTUAL LIFE INSURANCE COMPANY, Respondent.

Defendant issued a policy of insurance upon the life of T. for the sole use of his wife, the amount to be paid upon his death to her, if living, "and if not living, to her children." T. and his wife at the time had three children living. B., a daughter, died first, intestate, leaving a husband and children; then the wife died; then S., a son, died intestate, leaving a widow and children, and then T. died, leaving C., a daughter, surviving. In an action upon the policy brought by plaintiff, as assignee of C., and of the administratrix of S., *held,* that B. had simply a contingent interest in the property, which terminated upon the happening of the contingency, *i. e.,* her death prior to that of her mother, and so no interest was transmitted to her personal representative; that upon the death of the mother, all interest in the policy vested at once in her children then living; and so, that plaintiff was entitled to recover.

*Whitehead* v. *N. Y. Life Ins. Co.* (102 N. Y. 143), explained.

The difference pointed out between the rules governing such a case where a contractual relation exists between the parties, and those applicable to a case relating to the vesting of an estate created by will.

*Walsh* v. *M. L. Ins. Co.* (61 Hun, 91), reversed.

(Argued May 4, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made July 11, 1891, which reversed a judgment in favor of plaintiff, entered upon an order overruling a demurrer to the complaint herein, and which sustained the demurrer and directed judgment for the defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Franklin M. Danaher* for appellant. The policy having been made payable to the wife, if living at the death of the husband, with a substitutionary clause making it payable to her children, in case she should die before him, her right to receive the insurance moneys depended upon her surviving her husband; during his life her interest was contingent, not vested; it was a naked possibility, wholly dependent for direction upon survivorship, and no interest which could be devised or passed by inheritance, and which ceased absolutely at her death, before her husband's, both as a matter of contract and by force of law. (Laws of 1860, chap. 70; Laws of 1840, chap. 80, § 1; *U. S. T. Co.* v. *M. B. L. Ins. Co.*, 115 N. Y. 151; *Brommer* v. *Cohn*, 86 id. 11; *C. M. L. Ins. Co.* v. *Fellows*, 34 Conn. 305; *Olmstead* v. *Keyes*, 85 N. Y. 593; *Barry* v. *E. L. Ins. Co.*, 59 id. 587; *Smilie* v. *Quinn*, 40 id. 492; *Fowler* v. *Butterly*, 53 How. Pr. 471; *Chapin* v. *Fellows*, 36 Conn. 132; May on Ins. [3d ed.] § 392; Cook on Life Ins. §§ 75, 76; *E. A. Society* v. *Lewes*, 9 Mo. App. 412, 415; *K. L. Ins. Co.* v. *Wertz*, 99 Mass. 157; *Tompkins* v. *Levy*, 87 Ala. 268; *Goebel* v. *Wolf*, 113 N. Y. 412; *Jackson* v. *Waldron*, 13 Wend. 178.) The children had no vested right in the policy during the life of the mother who was the primary beneficiary, prior in right and prior in time; until her death their interest was contingent on their mother dying before their father, and on their surviving her; on her death the policy vested in her children then living, to wit., Solomon Traub and Carrie Van Schaick, whose interest plaintiff now owns. (*C. M. Ins. Co.* v. *Fellows*, 34 Conn. 305; *In re Seyton*, L. R. [34 Ch. Div.] 511; *C. L. Ins. Co.* v. *Webb*, 54 Ala.

688; *Anderson* v. *Goldsmidt,* 103 N. Y. 617; *Chapin* v. *Fellows,* 36 Conn. 132; *Eadie* v. *Slimmon,* 26 N. Y. 9; *Brigham* v. *H. L. Ins. Co.,* 131 Mass. 319.) In a policy on life of husband, payable to wife, if living, and if not living, to her children, where the children die first, the wife next and the husband last, the insurance company cannot retain the money for want of a payee; the policy inures to the benefit of the estate of the husband. (*Moehring* v. *Mitchell,* 1 Barb. Ch. 264; 4 How. Pr. 292; 3 Den. 610; *Olmstead* v. *Keyes,* 85 N. Y. 603; *Whitehead Case,* 102 id. 150; *In re Warner,* 11 N. Y. Supp. 894; May on Ins. [3d ed.] § 399; *Libby* v. *Libby,* 37 Me. 359; *Boyden* v. *M. L. Ins. Co.,* 27 N. E. 669; *Rothweiler* v. *Ryan,* 4 Ohio, 338; *Owen* v. *W. O. F. L. Ins. Co.,* 71 Wis. 550; *Foster* v. *Gile,* 50 id. 603; *Herman* v. *Howard,* 23 id. 108; *C. L. Ins. Co.* v. *Hamilton,* 47 Penn. St. 274; *Burroughs* v. *S. M. L. Ins. Co.,* 97 Mass. 360; *W. C. Bank* v. *Hume,* 128 U. S. 205; *Rickerton* v. *Jacques,* 28 Hun, 119.) A policy on life of husband, payable to the wife, if living, and if not living, to her children, where the wife dies first, and then the husband, is payable exclusively to the children living at the death of the insured; where children survive both, the heirs or personal representatives of children who die before either do not share; therefore, plaintiff as the assignee of the entire interest of Carrie Van Schaick, the sole survivor of the children, is entitled to the entire proceeds. (*Schneider* v. *N. W. M. L. Ins. Co.,* 33 Mo. App. 68; *C. M. B. Ins. Co.* v. *Hoffman,* 110 Ill. 603; *Robinson* v. *Duvall,* 79 Ken. 83, 87; *Barry* v. *E. L. Ins. Co.,* 59 N. Y. 587, 593.) An insurance policy, while a contract, is also in the nature of a testamentary provision, and the analogies of such devises are invariably considered in their construction by courts of law. (*Schneider* v. *N. W. M. L. Ins. Co.,* 33 Mo. App. 66, 67; *In re Seyton,* L. R. [34 Ch. Div.] 515; *Wanschaff* v. *M. M. B. Ins. Co.,* 41 Mo. App. 213; *Boyden* v. *M. L. Ins. Co.,* 27 N. E. Rep. 669; *Chartrand* v. *Bruce,* 26 Pac. Rep. 152; *Lane* v. *DeMets,* 59 Hun, 462; *U. S. T. Co.* v. *M. B. Ins. Co.,* 115 N. Y. 152; Cook on Life Ins. 108, 109, 110, 111;

May on Ins. 399.) The policy presents a case of a substitutional executory limitation, wherein only those can be substituted who survive the prior legatee. In this case Bessie Gross was dead at the substitutional period, and acquired no interest by substitution, and had none as an original gift because her right was subordinate to her mother's. (Theobold on Wills, 491; *Lanphier* v. *Buck*, 2 B. & S. 484, 498.) The right of Bessie Gross, during the life of her mother, was contingent and conditional, dependent upon an event which might never happen (the death of the mother before the father). A legacy dependent upon an uncertain event of this character, lapses if the legatee dies before the happening of the event. The condition or contingency, on which Bessie Gross' title depended, not having occurred while she was *in esse* capable of taking, her interest lapsed and failed for want of a donee. (2 Williams on Ex. [7th ed.] 1203; *Everitt* v. *Everitt*, 29 N. Y. 75; *Patterson* v. *Ellis*, 11 Wend. 259.) The policy presents a case of a devise to a class of persons which takes effect in favor of those who alone constitute the class at the death of the testator, and plaintiff, as the assignee of the entire interest of the sole survivor of that class, is entitled to the entire proceeds of the policy. (*Magaw* v. *Field*, 48 N. Y. 688; *Campbell* v. *Rawdon*, 18 id. 412; *Teed* v. *Morton*, 60 id. 503; *Mowatt* v. *Carow*, 7 Paige, 328, 340; 2 Williams on Ex. [7th ed.] 1216; *Downing* v. *Marshall*, 23 N. Y. 373.) The words in the policy " to the wife, if living, if not living, to her children," mean children living at the wife's death, at which time Bessie Gross was dead. (*Jackson* v. *Jackson*, 26 N. E. Rep. 1112.) A policy of life insurance payable to a wife, if she survives, if not, to her children, is not payable to, nor does it include grandchildren. (*Lane* v. *De Mets*, 13 N. Y. Supp. 348; *Webb* v. *C. L. Ins. Co.*, 54 Ala. 788; *U. S. T. Co.* v. *M. B. L. Ins. Co.*, 115 N. Y. 157; *Russell* v. *Russell*, 64 Ala. 500.) Neither the Revised Statutes concerning " estates " nor the Statute of Distributions have any relevancy in law or fact to this case. (*Jackson* v. *Waldron*, 13 Wend. 193.)

*Julien T. Davies* for respondent. The complaint does not state facts sufficient to constitute a cause of action, because it appears that the plaintiff is not entitled to the unpaid one-third of the policy, but that the same belongs to the personal representatives of the child, Bessie Gross, deceased, who died prior to her mother, Rica Traub. (*U. S. T. Co.* v. *M. B. L. Co.*, 115 N. Y. 152.) Where a policy is made payable, as in this case, to the wife for her use, if living, and, if not living, to her children, and a child pre-deceases the mother, the personal representatives of said child are entitled to share in the policy, and the children surviving both father and mother are not entitled to the whole. (*U. S. T. Co.* v. *M. B. L. Ins. Co.*, 115 N. Y. 157; *Olmstead* v. *Keyes*, 85 id. 601; *Hull* v. *Hull*, 62 How. Pr. 100; Laws of 1873, chap. 821.) The rule of construction contended for has been adopted by the courts of this state. The policy at its issuance vests in the wife and in the children in interest and transmissibility (subject to being divested), but does not vest in any one in possession or indefeasibility until the husband dies. (*Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 151; *Green* v. *Green*, 23 Hun, 482; *Olmstead* v. *Keyes*, 85 N. Y. 593; *Garner* v. *G. L. Ins. Co.*, 110 id. 270; *Brick* v. *Campbell*, 122 id. 337; *McCord* v. *Noyes*, 3 Brad. 139; *Leonard* v. *Clinton*, 26 Hun, 288; *Fowler* v. *Butterly*, 53 How. Pr. 475.) In Laws of 1873 (Chap. 821) there is an authoritative legislative declaration and recognition of the law that the true construction and effect of such a contract as this is that an interest passes to the personal representatives of a child pre-deceasing its mother. (*Brick* v. *Campbell*, 122 N. Y. 334; *Smillie* v. *Quinn*, 90 id. 496.) The established rules for the construction of testamentary provisions analogous to the provisions of such a policy as the one at bar support the above construction. (*Treall* v. *Morton*, 60 N. Y. 506; *Mott* v. *Carow*, 7 Paige, 341; *Campbell* v. *Rawdon*, 18 N. Y. 412; *Stigler* v. *Stigler*, 77 Va. 163; *Goebel* v. *Wolf*, 113 N. Y. 405; *Van Camp* v. *Fowler*, 59 Hun, 311.) The interests of all the children pass to their personal representatives under the statute law of this state. (*Dodge* v. *Stevens*, 105 N.

Y. 590.)   The courts of other states sustain the views of the defendant.   (*C. L. Ins. Co.* v. *Palmer*, 42 Conn. 60 ; *Congiland* v. *Smith*, 79 N. C. 303 ; *Robinson* v. *Duvall*, 79 Ken. 87 ; *W. C. Bank* v. *Hume*, 128 U. S. 195.)

Gray, J.   The complaint sets forth the issuance by the defendant of a policy of insurance, whereby it insured the life of Traub, for the sole use of his wife Rica, in a sum named, and promised to pay the amount to her, as the assured, " if living, in conformity with the statute, and if not living, to her children or their guardian, etc." It further showed these facts, namely, that at that time the Traubs had three children living ; that Bessie, a daughter, died, first, intestate, and leaving a husband and children ; then the wife died ; then Solomon, a son, died intestate, and leaving a widow and children, and, finally, Traub died.   Carrie, a daughter, alone survived, and one-third of the policy was paid by the company to her.   Another third was paid to the administratrix of Solomon, who had died intermediate his mother and father.   The plaintiff took an assignment from Carrie and from Solomon's administratrix of their interests, in the policy and claims, as their assignee, to be entitled to the remaining one-third of the policy.   The defendant demurred to the complaint, for insufficiency of facts to constitute a cause of action, and the question presented is, did Bessie, the first child who died, have such an interest in this policy as survived her decease and, upon the mother's death, vested in her personal representatives, or did all interest in the policy, upon the death of the wife of Traub, vest at once in the two children surviving her ?   Another aspect of the question which the plaintiff presented is this : Assuming that all interests settled in the two surviving children, upon their mother's death, was it, nevertheless, conditional upon their both surviving their father ; so that by Solomon's death his interest was lost, and Carrie, who survived all, had the sole claim to the insurance moneys ?

At the Special Term the judgment went for the plaintiff ; but at the General Term the decision was the other way, and

two of the learned justices thought that Bessie, who had pre-deceased her mother, had an interest in the policy, which, upon her death, passed to her personal representatives. We feel constrained to differ with the learned General Term jus-tices and to uphold the plaintiff's appeal. If we were at lib-erty to treat this question at first hand and as altogether an original one in this court, I should say that the arguments to sustain the judgment of the General Term are cogent and not easily overcome. Certainly they have a moral support in equitable considerations. But, if we are to be guided in the disposition of the cases which come before us, by the principle *stare decisis,* then we must adhere to views which have been held and assented to within recent decisions. In the case of *United States Trust Company* v. *Mutual Benefit Life Insur-ance Co.* (115 N. Y. 152), the plaintiff sued as the guardian of certain grandchildren of the assured. The policy was upon the life of Finn for the sole use of his wife, and, in case she should die before him, the amount was payable to their child-ren or to their guardian. The wife first died and their three children survived her; but two of them pre-deceased Finn, their father. The plaintiff claimed that the children of a child, who had died after the mother, were entitled to receive among them an equal one-third of the policy. The decision was against their right to take anything under the policy. It was held that as grandchildren were not named in the contract, for that reason they could not be regarded as having been assured. Judge Earl, in the opinion, with respect to the nature of the interests, which settled in the assured under such a policy, spoke in such wise as to cover this case. He said, " when she " (referring to Mrs. Finn) " died before her husband, the only persons interested in the policy were her children then living, and the whole policy, as a chose in action, belonged to them. They held vested interests therein as they could in any other chose in action payable at a future time." This expression seems very authoritative ; for, although the question presented and decided was whether grandchildren could acquire any interest, and although all the children

in that case happened to survive the wife, nevertheless, the learned judge passed upon the nature of the interest of children in such a policy and used very precise and exclusive language in that respect. With that opinion, all the members of the court concurred. While referring to the opinion in that case, I may add that the concluding remarks of the learned judge need not embarrass our conclusion here. He said : "If we are wrong in this construction  *  *  *  then  *  *  * the policy was payable to her children as a class, and those of the class would take who were in being at the time when the policy became payable." That was not the decision and it was not intended to be the expression of an opinion upon the case, otherwise than that in no event could grandchildren take; inasmuch as, upon an assumption that the court was in error in what had been held, the only alternative was the proposition stated. It was at once illustrative of the unsoundness of the plaintiff's claim, and at the same time, reasoning deductively, in further exclusion of the possibility of any interest having vested in the children at the time the policy issued. Previously, in *Anderson* v. *Goldsmidt* (103 N. Y. 617), the same judge had delivered the opinion of the court; a case where wife and husband had joined in an assignment of a policy issued in her favor and, in case of her death before him, making the amount of insurance payable to her children. The wife defended against the suit of the assignee, on the ground that she was a married woman with children having an interest in the policy. The plaintiff's recovery was upheld and it was there said that the interest of the children was contingent and that the contingency did not arise, which gave them any interest whatever in the policy. We have, therefore, in these two recent cases authoritative opinions that children have none other than a contingent interest in a policy issued in such a case and do not become actually vested with an interest, unless the wife die before the termination of the life insured against and they survive her ; and, as the contract then is one with her children, only those who answer, at that time, that description acquire an interest in the policy. Only in such an event

would there arise a distinct class of beneficiaries, under the contract of insurance.

Some stress is laid upon the remarks of Judge FINCH in the case of *Whitehead* v. *New York Life Insurance Co.* (102 N. Y. 143), decided very shortly before the *Anderson* case.

That was a case where the insurance was upon the husband's life, and in favor of his wife, or her personal representatives, with a provision that, in case she died before him, the insurance should vest in the children of the insured. The wife died and the husband surrendered the policy to the company, in consideration of sums paid to him for the surrender. The children then sought to have the surrender set aside and the policies reinstated as subsisting obligations of the defendant company. Their action was sustained. Judge FINCH, in his opinion, speaks of the interest in the policy as one which was vested in the wife, "and one also in the children." What he meant, however, is explained by his subsequent observation, that it was an interest which vested in wife and children "as the assured, under the provisions of the statute;" referring to the act of 1840 (Laws of 1840, chap. 80), which was passed as a provision for orphanage and widowhood, and authorized the issuance of policies insuring a man's life in favor of his wife, and also to provide, by their terms, for the payment of the insurance moneys to children, in case of her decease before that of her husband. The opinion is not authority for the proposition that an interest vested in the children, upon the issuance of the policy in favor of the wife, which could not be lost or divested by their death before their mother as the assured. It decided that, by force of the act of 1840, such a policy, in favor of the wife and, in case of her death, made payable to her children, vested an interest in the children, which, upon the happening of the contingency named, conferred upon them the rights of ownership, and without their assent it could not be surrendered nor released. That was the decision called for by the case before the court. In a certain sense, upon the issuance of the policy, such an interest in, or right to, its continuance as an obligation did vest or, more

properly, inure to her children. It did not vest in the technical sense of the term, as it is used in connection with estates created under testamentary devises; but the interest was such as that when the contractual relation with the mother ceased by her death, they, who were her children, could, by the terms of the contract with the company, as authorized by the statute, assert and enforce it for their protection, as substituted parties in the place of the first assured. That such a meaning is to be attached to Judge FINCH's remarks seems evident from the fact that Judge EARL, in his opinion in the *United States Trust Company's* case (*supra*), cites the *Whitehead* case as an authority, and had the opinion fresh in his mind when delivering the opinion in the *Anderson* case. In a case recently decided by the Supreme Court of Pennsylvania, where the policy was issued by a New York company, and was in favor of the wife, and, in case of her death, the insurance was payable to her children, the court construed the policy to be an obligation which made the insurance money payable to her, if she survived her husband, "but if she did not, it was payable to her children then living."

That case was decided in 1889, the same year as was the *Trust Company's* case (*supra*), and seems a strong illustration of the force of the proposition as to the contingent nature of the children's interest in the policy; in that it impressed itself similarly upon the minds of the members of the two courts.

I do not think there is any reason for, or that we should, resort to the rules which obtain in cases where the question relates to the vesting of estates created by will, and depends upon the construction of the language of the testamentary devise. A will is in no sense a contract, and an insurance policy is. (*St. John* v. *Insurance Co.*, 13 N. Y. 31; *Olmsted* v. *Keyes*, 85 id. 593.) In the endeavor to effectuate the intention of a testator, courts are allowed a greater latitude of action, within settled rules, than when the subject of their consideration is a contract between parties. In the one case courts will go far to avoid a construction which defeats an intention, apparent from a consideration of the whole will and of the

circumstances surrounding its making, that the issue of children who may have pre-deceased the testator, or an event mentioned for the determination of some suspension of the estate, shall share in a general provision for the testator's family. Presumptions of an intention that all, who could naturally be regarded as objects of his regard, are comprehended, will be permitted to influence and guide construction, whenever possible, without conflict with plain provisions in the will. But in the case of a contract, where the minds of the contracting parties have met, and which is supposed to resume their purposes and to contain their agreements, construction may not be so liberal as to permit a departure from a precise and strict conformity with its terms, if compliance is possible. Mr. Story, in his work on contracts (§ 639), laid down this rule of construction : " If its language is neither uncertain nor ambiguous, it is to be expounded according to its apparent import and is not to be warped from the ordinary meaning of its terms, in order to harmonize with uncertain suppositions, in regard to either the probable intention of the parties contracting, or to the probable changes which they would have made in their contract had they foreseen certain contingencies."

As a contract then, the provisions of this policy are to be construed as contracts ordinarily are construed. They should be read and enforced, if unambiguous, according to the plain meaning of the words used. This policy, in the respect we are considering, used clear and definite words. The defendant contracted with the wife of Traub and assured her thereby of a certain payment, in the event that she survived her husband, and the parties further agreed that, if she failed to live till then, the payment was to be made to her children, or their guardian. The ordinary meaning of the word children is indisputable, and the more reasonable ambiguity to be supposed would consist in whether it was only that child, or those children, who should survive the father, who would be entitled to claim payment under the policy. But this difficulty is removed by authority and upon reasoning. If others than her children were to benefit by the insurance, it was quite possible to write

them into the contract; but here definite parties are named as substitutive beneficiaries. The instant the mother died, those who answered the description of her children became the parties assured by the policy. The personal representatives of the child, who had pre-deceased the wife, could not be substituted as parties to a contract, which expressly describes " children." At any rate, by parity of reasoning, if grandchildren, in the *Trust Company's* case, could not take because not named in the policy, how can executors or administrators take if they are not named, and, upon the authority of those cases which declare the interest of children to be contingent during their mother's life-time, how could the child who had pre-deceased Mrs. Traub have possessed an interest which she could transmit to her personal representatives, and which they could assert under such a contract? I think the conclusion must be reached that, upon the death of Traub's wife, her children living at that time became vested with every right and interest in the policy.

In the case supposed by one of the learned justices at the General Term, of the death of all of the children before the mother, and then of her pre-deceasing her husband, we have authority for suggesting that the obligation of the insurer would be enforceable by the personal representatives of the husband, if he had not administered upon it. (*Olmsted* v. *Keyes*, 85 N. Y. 593.)

In such a case, if all the children had died before their mother, their interest in the policy would be solely in her, and, upon her death, like any other chose in action, would pass to her husband. If he should not make any disposition of it with the company during his life-time, his personal representatives would have the right to administer upon it.

It is needless, however, to discuss or decide upon the supposed case. It is sufficient to say that such an obligation of the insurance company could not fail for the want of a payee, in any contingency that I can conceive of.

The views expressed lead to the conclusion that the judgment of the General Term should be reversed and the judgment entered upon the interlocutory judgment at the Special

Term should be affirmed, with costs at the General Term and in this court.

All concur, MAYNARD, J., in result, except PECKHAM, J., not sitting.

Judgment reversed and judgment accordingly.