JAMES BELDEN and ADA BELDEN ROGERS, Respondents, *v.* ANNA V. BELDEN, Individually and as Executrix, etc., of WILLIAM BELDEN, Deceased, Appellant.

First Department, July 2, 1920.

Insurance — life insurance payable to widow, or to children in event of widow's death — assignment of policy after death of wife of insured — when assignee acquires title as against wife of insured by subsequent marriage.

Where a policy of life insurance was issued for the sole use and benefit of the wife of the insured if living at her husband's death, and if not living then to her children, and after the death of the wife the insured assigned the policy to his son in consideration of the payment of a debt by the latter, and thereafter the assignee kept the policy in force by the payment of premiums until the death of the insured, the son acquired not only a one-third personal interest as an additional beneficiary named in the policy but also an additional one-third interest which came to his father by the death of a daughter intestate and without issue, and is entitled to two-thirds of the proceeds, the other third going to his sister, as against the widow of the insured whom he married after the assignment of the policy.

Evidence examined, and *held*, insufficient to establish the contention of the widow that the assignment of the policy was made to the son of the insured upon the understanding that it was to be returned to the insured if he desired it for the purpose of obtaining its cash surrender value.

APPEAL by the defendant, Anna V. Belden, individually and as executrix, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 20th day of November, 1919, upon the decision of the court rendered after a trial at the New York Special Term.

*Wilson E. Tipple* of counsel [*Tipple & Plitt,* attorneys], for the appellant.

*John McKim Minton, Jr.,* of counsel [*Harold R. Medina* with him on the brief], *Edwards, Murphy & Minton,* attorneys, for the respondents.

MERRELL, J.:

The plaintiffs have recovered judgment against the defendant individually and as executrix of the estate of William Belden, deceased, upon a life insurance policy issued upon the life of the decedent. The policy was issued February 7, 1865, for $10,000 and the amount thereon awarded the plaintiffs was $10,870.20.

The action was brought originally against the Mutual Life Insurance Company of New York to recover upon said policy. Said insurance company interpleaded the defendant and paid the amount due upon the policy to the chamberlain of the city of New York, and the judgment directs the city chamberlain to pay to the plaintiffs said sum with any accumulations thereon, and that plaintiffs recover of the defendant the costs of the action. The material facts as disclosed by the evidence upon the trial are as follows: On February 7, 1865, the Mutual Life Insurance Company of New York issued a policy of life insurance to Sarah E. Belden, wife of William Belden, upon the latter's life. By the terms of this policy the said insurance company, in consideration of certain premiums agreed to be paid by the said wife of the assured, insured the life of said William Belden for the sole use and benefit of his said wife in the sum of $10,000 for the term of his natural life, the company agreeing to pay said amount to the assured for her sole use, if living at the time of her husband's death, and if not living, then to her children or their guardian.

The assured, wife of William Belden, died in 1873. At that time she left three children, two of whom are the plaintiffs herein and another daughter, Lizzie Belden, who died in 1878, five years after her mother. The daughter Lizzie left no will, and no administrator was ever appointed of her estate. After the death of Sarah E. Belden, her surviving husband, William Belden, remarried. His second wife died in 1895, and in 1900 he married, as his third wife, the defendant in this action. At the time of the death of his second wife in 1895 William Belden resided in the city of New York and his son, the plaintiff James Belden, resided at Chicago, Ill. The son came east to attend the funeral of his stepmother, and during his stay here, his father, who had possession of the policy of insurance and who was involved financially, assigned the same to the son in consideration of the son's paying a sister of his wife who had just died, one Maud E. Malloy, the sum of $2,000 on account of a certain chattel mortgage which plaintiff's father had given covering his household furniture. Thereafter, from November 26, 1895, until the death of the father, William Belden, which occurred on June 25, 1918, the plaintiff James Belden held said policy continuously and paid the Mutual Life Insurance Company the annual premiums thereon, said premiums amounting in the aggregate to $2,657.50. No part of the money required to pay said premiums was furnished by William Belden and the whole thereof was paid by the plaintiff James Belden. Soon after the son advanced the $2,000 to take up the chattel mortgage upon his father's household goods the policy was mailed by the father to the son at the city of Chicago and attached thereto was a memorandum bearing date October 6, 1887, signed by the said William Belden, as follows:

                              " *October 6th,* 1887.

" I have this day filed with the Mutual Life Ins. Co. an affidavit showing the death of my first wife, Sarah Elizabeth Belden and that her surviving heirs are James and Ada T. Belden.

" I have further filed with the Co. a request that the accumulations on the policy be applied in future to the payment of premiums as they fall due and they informed me that in future I do not need to go to their office or to make any further cash

payments as the accumulated profits will take care of the policy without any further attention from me.   The receipt bearing date Oct. 8/87 was handed to me at the same time.

                                    " WILLIAM BELDEN."

And under the date on which said policy and the memorandum were mailed to the son at Chicago the father appended thereto the following memorandum:

" 1895, Nov. 26.

" The statement referred to above in regard to there being no necessity for me to pay further regard to the pay't premiums was made to me by Julian T. Davies the counsel of the Company.                                    W. B."

The policy, together with said memoranda, was mailed at New York November 29, 1895, and was received by the plaintiff at Chicago on November 30, 1895.   Thereafter, so far as the evidence discloses, the father never made any claim to said policy.   Indeed, on October 3, 1902, William Belden, the father, wrote the plaintiff, referring to said policy, as follows:

                            " 55 St. Nicholas Place,
                                " *Oct.* 3, 1902.

" My Dear Son.— As I understand it, the policy is in no way under my control.   If that be the case, I do not wish to make further payments upon it.

                    "Affectionately, your Father,
" Mr. James Belden,              WILLIAM BELDEN.
    " Park Ave. Hotel."

This letter would indicate that the father had no further interest in or claim upon said policy.   Upon the death of William Belden he left a will wherein he bequeathed all of his property to his last wife, the defendant, Anna V. Belden, and appointed her the executrix thereof, and said will has been duly admitted to probate.

The claim of the defendant to said policy of insurance and the fund arising therefrom is two-fold.   Her claim is, *first*, that upon the death of Sarah E. Belden, her three children

First Department, July, 1920.          [Vol. 192.

then living took a vested interest in said policy of insurance; that the daughter Lizzie, who died in 1878, at the time of her mother's death, became vested with a third interest therein, and that the defendant's husband, William Belden, as the father and next of kin of his daughter Lizzie, upon her decease, intestate, took the same; and that said third interest passed to the defendant under the will of said William Belden. It is also the claim of the defendant, which she attempted to establish upon the trial, that the policy of life insurance in question was delivered by William Belden to his son, James, upon the understanding and agreement that at any time the father, William Belden, desired, the son would surrender the same for the purpose of allowing the father to obtain from the insurance company the cash surrender value thereof. The defendant alleges, but, I think, has failed to prove by competent testimony, that the father did, in fact, request the son to return said policy for the purpose of obtaining its cash surrender value, but that the son refused and declined to do so.

In her amended answer the defendant asks for a dismissal of the complaint, and that the city chamberlain be directed to pay her the entire fund arising from said policy on deposit with said official.

I think defendant's claim to said fund, or to any interest therein, must fail. Undoubtedly, upon the death of Sarah E. Belden, her daughters, Ada and Lizzie, and her son, James, each became vested with a third interest in the policy upon their father's life (*Walsh* v. *Mutual Life Ins. Co.*, 133 N. Y. 408) and that upon the subsequent death of the daughter Lizzie, intestate, her third interest passed to her father, as her only next of kin, and had the latter not disposed of the same prior to his decease, the defendant would have taken such interest under his said will. But the evidence conclusively shows that long prior to his decease, and, indeed, five years prior to his marriage with the defendant, he duly assigned all his interest in said policy to the plaintiff James Belden, and, therefore, no interest therein passed under his will.

I also think the trial court was justified in holding that defendant had failed to establish by satisfactory evidence her claim that the policy was delivered by William Belden to

his son, the plaintiff James Belden, upon the understanding that said policy was to be returned to the father whenever he desired for the purpose of obtaining its cash surrender value. On the contrary, it clearly appears from the evidence and attendant circumstances that in November, 1895, for a good and sufficient consideration at the time paid to the father by the son, the father assigned and delivered the said policy and all his interest therein to his said son, James Belden. At that time the father's interest in the policy certainly embraced the third interest therein of which his daughter Lizzie became vested upon her mother's death and which, upon the death of said daughter, intestate, had passed to him as her only next of kin. Upon such assignment by the father to the son, the latter succeeded to all of his father's interest in said policy and held and owned the same at the time of his father's death in June, 1918, in addition to the third interest therein which vested in said plaintiff upon the death of his mother, the original beneficiary, in 1873. Following the assignment of said policy by the father to the son, the latter held the same continuously until the death of William Belden, which occurred twenty-three years later, the son, during all of said period until his father's death, paying all premiums thereon, said payments of premiums aggregating $2,657.50. During the period following said assignment the father made no claim of any interest in the policy, but, on the contrary, as above stated, expressly and in writing disclaimed any interest therein.

It, therefore, follows that, upon the death of William Belden, the plaintiff James Belden owned a two-thirds interest in said policy, the remaining one-third being owned by the plaintiff Ada Belden Rogers. The judgment appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment affirmed, with costs.