## Hoene v. Myers et al.

*Insurance — Life insurance — Beneficiaries—Vested and contingent interests — Child of deceased son — Death of beneficiary prior to insured — Case stated.*

Where a policy of life insurance made the widow beneficiary, but in case of her death prior to the death of the insured, then the policy was to be paid to their children, and the widow having died prior to the insured, leaving two children and the child of a deceased son, the proceeds of the policy are to be paid to the children living at the time of the death of the insured, and the child of the deceased son is barred. Under such terms the interest of the children was contingent and not vested.

Case stated. C. P. Allegheny Co., Jan. T., 1923, No. 1588.

Before Shafer, P. J., and Reid, J.

*Stonecipher & Ralston*, for plaintiffs.

*Packer & Sherrard* and *John D. Brown*, for defendants.

REID, J.—This is a case stated, wherein the question for the court is the interpretation of a clause in the policy of insurance for $4000, issued in 1868 by the Ætna Life Insurance Company to Herman Hoene, wherein the beneficiary named was his wife, Mary C. Hoene.

The latter died on March 27, 1917, prior to the death of the insured, who died Sept. 11, 1920.

The children of the insured, Herman Hoene, and of Mary C. Hoene, his wife, the beneficiary, were two daughters, Emma Justine and Laura H., the defendants in this action, and a son, William F. Hoene, born March 4, 1864. The defendants were living at the time of the death of the insured, but William F. Hoene died Sept. 1, 1911, prior to the death of his mother. Letters of administration on his estate were granted to Eleanor H. Hoene, plaintiff herein. An action was brought by plaintiff against the Ætna Life Insurance Company to recover the proportion of the policy claimed to be payable to her as administratrix of said William F. Hoene. Defendants were called upon to interplead, and the issue in this case was framed to determine the rights of the parties.

The policy provides: "And the said company do hereby promise and agree to and with the assured, her executors, administrators or assigns, well and truly to pay or cause to be paid the said sum insured to the said assured, her executors, administrators or assigns, for her sole and separate use and benefit within ninety days after due notice and proof of death of the said Herman Hoene. And in case of the death of the said Mary C. Hoene before the decease of the said Herman Hoene, the amount of said insurance shall be payable to their children for their use or to their guardian, if under age, within ninety days after due notice and proof of death of the said Herman Hoene as aforesaid."

## Hoene v. Myers et al.

The question involved is, had William F. Hoene, one of the children of Herman Hoene and Mary C. Hoene, an interest in the policy of insurance which passed to his administratrix and became absolute upon the death of his mother? Or, stated in another form, the question in this case is, where there is a policy of insurance which is payable to the widow, but in the event of her death prior to that of the insured is then payable to their children, and the widow predeceases the insured, leaving two children living and the administratrix of a deceased child, to whom is the insurance legally payable?

The position of the plaintiff is, that where a life insurance policy is made in favor of a wife, and, in case of her death prior to that of the insured, the amount is to be payable to their children, and the wife dies before the insured but after the death of one of her children, the deceased child had a vested interest in the insurance which passed to his administratrix and became absolute on the death of the mother.

The defendants' position, on the contrary, is that the interest of William F. Hoene, one of the beneficiaries in the policy, was contingent, and if his death occurred prior to that of the insured, then such interest was thereby extinguished.

There are two distinct lines of cases construing such policies of insurance. One line, known as the Connecticut view, is authority for the plaintiff's proposition above stated; the other, known as the New York view, holds a contrary doctrine. It seems that the specific question here involved has never been decided by an appellate court in this state; but the principle that the beneficiaries in a life insurance policy have only a contingent interest has been clearly enunciated by our Supreme Court. Among the cases so holding are: Herr v. Reinoehl, 209 Pa. 483; Smith v. Metropolitan Life Insur. Co., 222 Pa. 226.

The fundamental query in this case is, did an absolute interest in the policy vest in William F. Hoene, under its terms, which continues to be existent and in full effect, notwithstanding the fact that he predeceased both his father and mother? If it did, and such right yet continues, then the plaintiff is entitled to judgment; otherwise, not.

We understand the distinction made by the authorities as to what constitutes the vesting of an interest in an insurance policy upon the life of another, as well as the distinction with regard to such vesting under a testamentary disposition or by deed; but we are of opinion that the cases which present the general meaning of the term "vested" and indicate what requisites are to be sought to determine whether an estate has vested or not are important in the disposition of the matter before us. Thus, in Barton v. Thaw, 246 Pa. 357-58, the following statement of the law by Van Swearingen, J., was affirmed by the Supreme Court: "An estate is vested in interest where there is a present fixed right of future enjoyment. . . . It is vested where there is an immediate right of present enjoyment or a present fixed right of future enjoyment. . . . Vested means accrued, fixed, absolute, having the character or giving the rights of absolute ownership; not contingent, not subject to be defeated by a condition precedent. . . . An estate vests in a person who is given a present and immediate interest, as distinguished from an interest whose existence depends on a contingency. To vest is to give a legal or equitable seisin:" McClellan's Estate, 221 Pa. 261. "An estate is said to be vested in interest where there is a present fixed right in some one of future enjoyment of it. It is not vested, but contingent, where either the person who is to enjoy it or the event upon which the estate is to arise is uncertain: Johnston's Estate, 185 Pa. 179."

Hoene v. Myers et al.

Tested by the foregoing principles and requirements, how can it logically be contended that an absolute interest or estate in the policy in question vested in William F. Hoene? If it vested at all, it was at the date of the execution and delivery of the policy in 1868. But it could not then have vested absolutely in him, as his mother, the primary beneficiary, was then living, and his right was necessarily subordinate to and postponed to her right, and, had she survived her husband, it undoubtedly would be defeated. Therefore, so long as the parents lived, there was no present, fixed and unalterable right which would not be absolutely terminated by the mother's surviving the father, Herman Hoene.

That the absolute vesting of the interest of the insured in the policy of insurance is to be referred to the time of the death of the insured and limited to the children then living, seems to be ruled in Brown's Appeal, 125 Pa. 303, where (at page 309) Williams, J., says: "If she (the widow, Mrs. Sandt) survived her husband, the insurance money was payable to her, but if she did not, it was payable to her children then living."

The provision in the policy there in question was practically the same as to the children of the deceased as in that now before us. It is apparent that the children who were living at the death of the insured comprised all the children. However, the learned justice whose words we quote advisedly used the phrase "children then living" to indicate that no others would be permitted under such a policy to share in the proceeds.

We do not ignore the existence of certain Pennsylvania authorities which apparently hold that an interest in a life insurance policy vested in children of the insured, subject to be divested by the survival of the mother. This, in our judgment, is not to be understood as the absolute and final vesting of title claimed by plaintiff to have occurred in the case now under consideration; it was merely contingent, liable to be rendered ineffective by the happening of some future event. The distinction which we seek to make as to such authorities is clearly presented in an opinion by Judge von Moschzisker, then of the Court of Common Pleas No. 3 of Philadelphia County, now the Chief Justice of the Supreme Court, in the case of Braddock v. Manhattan Life Ins. Co., 16 Dist. R. 127. We quote from page 134, as follows: "Where, in several of the Pennsylvania cases reviewed in this opinion, the interest of the children is referred to as vesting in them upon the issuance of the policy, this does not mean any more than that the right given to the children is such a right as will be protected so long as there is a possibility of its eventually enuring to their benefit; but this right, although in this sense vested, is always liable to open and let in other children, and likewise liable to be defeated by the death of the children in the lifetime of the wife or by the death of the insured before the decease of the wife."

Judge von Moschzisker, at page 129, quotes from the opinion in Walsh v. Mutual Life Ins. Co., 133 N. Y. 408 (inter alia), as follows: "The instant the mother died, those who answered the description of her children became the parties assured by the policy. The personal representatives of the child who had predeceased the wife could not be substituted as parties to a contract which expressly describes children."

In Braddock v. Insurance Co., the court, therefore, held that the interest of the deceased child did not absolutely vest, but was defeated by the fact that he predeceased the mother, to whose estate the policy was in consequence payable. The opinion in that case then continues: "The covenant to pay is made with the assured, Eliza R. Leeds, her executors, administrators and assigns, and the provision that in case of her death before that of the insured

Hoene v. Myers et al.

the payment shall be to her children is stated to be 'for their use or to their guardian if under age,' and nothing is said as to the 'executors, administrators or assigns' of the children. The other words employed clearly indicate that the word 'children' is used in its ordinary sense, and, therefore, if, at the time of the death of the insured, there should not be any of the class named, to wit, 'children,' the only child having predeceased the wife, the absolute estate in Eliza R. Leeds would stand without restriction. . . . In other words, the clause must be read as an absolute grant or promise to pay Eliza R. Leeds, her executors, administrators and assigns, with a promise to the effect that if she should die before the insured, leaving a child or children then living, the insurance shall be paid to such living child or children rather than to her executors, administrators or assigns."

The case of Watt v. Gideon, 8 Dist. R. 395, 22 Pa. C. C. R. 499, opinion by Pennypacker, P. J., of Court of Common Pleas No. 2 of Philadelphia County, also aids in determining the question here involved. It was there held that the policy vested in the children or representatives of deceased children upon the death of the mother. The deaths of such children whose representatives were thus permitted to share all occurred after the date of the mother's death, and the court held that, in consequence, the interests vested in those who thus survived their mother. It is clear that the fact that the children were all living at the time of the mother's death was a decisive factor in the decision. This appears from the concurring opinion of Sulzberger, J., at page 504, who says: "The children being all living at their mother's death took in common."

The opinion in Braddock v. Insurance Co. adopts the New York view, which is represented by Walsh v. Mutual Life Ins. Co., 133 N. Y. 408; Davis v. New York Life Ins. Co., 212 Mass. 310; Smith v. Ætna Life Ins. Co., 68 N. H. 405, and Winsor v. Odd Fellows' Beneficial Ass'n 13 R. I. 149.

It is unnecessary to endeavor to analyze them or to trace the essential points in which all these diverge from the Connecticut view, in which the case of Continental Life Ins. Co. v. Palmer, 42 Conn. 60, lays down a rule which, if followed, would result in a judgment for the plaintiff.

The very comprehensive brief of plaintiff's counsel also includes, as supporting that view, the cases of Vose v. Connecticut Mutual Life Ins. Co., 119 Mich. 161; Winslow v. Goodwin, 7 Met. 363; Lockwood v. Michigan Mutual Life Ins. Co., 108 Mich. 334, and Connecticut Mutual Life Ins. Co. v. Fish, 59 N. H. 126.

The question is a difficult one, and the weight of the authorities representing the Connecticut view is not to be lightly disregarded. Judge Gray, who wrote the opinion in the Walsh case, says that the reasons stated in opposition to the New York view were cogent and not easily overcome. We agree with him as to the apparent weight of the reasons urged to support a contrary view. Our own Allegheny County courts, in two instances, have definitely held to the Connecticut view and sustained claims of a child who predeceased the mother as primary beneficiary. These are Thorne's Estate, 50 Pitts. L. J. 233 (opinion by Hawkins, P. J.), and Devore v. Insurance Co., 52 Pitts. L. J. 327 (opinion by Kennedy, P. J.). If we hold these cases to be decisive of the question, it also follows that judgment for plaintiff must be entered. However, with all due regard for the opinion of the distinguished jurists just named, we cannot yield to their views any greater effect than we give to the cases of sister states which would vest an absolute title in William F. Hoene. We cannot follow these latter authorities, as we believe the true rule is expressed in Braddock v. Insurance Co. Consequently, we must determine that the local cases referred to can have no controlling weight.

For the reasons heretofore stated, being of the opinion that William F. Hoene did not have an interest in the policy in question which became absolute upon the death of his mother, and, therefore, passed to his administratrix, but, on the contrary, being of the opinion that Emma Justine Myers and Laura H. Hartje are entitled to the entire proceeds of the said policy, judgment for the amount thereof now unpaid, $1327.50, must be entered for the said defendants.       From William J. Aiken, Pittsburgh, Pa.