UNITED STATES TRUST COMPANY OF NEW YORK, as General Guardian, etc., Respondent, *v.* THE MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellant.

Defendant issued a policy of insurance on the life of F. for the sole use of J., his wife.   The policy provided that, in case of the death of J. before F. then that the amount of said insurance should be payable to their children.   J. died before F. leaving three children her surviving, two of whom died before him, one intestate and without issue, but leaving a husband who was appointed administrator of her estate, the other leaving three children. Defendant paid one-third of the sum insured to the surviving child, one-third to the administrator of the one who died without issue, and one-third to the guardian of the three grandchildren.   In an action by

plaintiff, as guardian of two of the grandchildren, who claimed that the payment to the administrator was unauthorized, *held*, that, upon the death of J., the only persons interested in the policy were her children then living, and the whole policy, as a chose in action, belonged to them; upon the death of either, the interest of the decedent passed to his or her personal representatives; and, therefore, that the payment to said administrator was proper; that the grandchildren, as such, had no standing to recover any portion of the sum insured; but that even if they could they had received their full portion.

*It seems* that if the construction above given to the policy is erroneous, then upon the death of J. the policy was payable to her children as a class, and those of the class living when the policy became payable would take, and in no event could the grandchildren be included.

(Argued June 4, 1889; decided June 11, 1889.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 10, 1889, which affirmed a judgment in favor of defendant, entered upon an order overruling a demurrer to plaintiff's complaint.

The plaintiff alleges in the complaint its proper incorporation under an act of the legislature of this state; that the defendant is a corporation created under the laws of New Jersey; that on the 14th day of May, 1845, the defendant issued a policy of insurance on the life of Archibald T. Finn, in the amount of $5,000, for the sole use of his wife Jane E. L. Finn, in which it agreed to pay to her, her executors, administrators or assigns, after the death of Archibald T. Finn, the sum insured, and in case she should die before him, that then the amount should, after his death, be payable to their children, or to their guardian, if under age; that Mrs. Finn died in 1864, leaving her surviving her husband and three children, namely, Katherine A. Anthon, wife of George C. Anthon; Myraette Miles, wife of Charles A. Miles, and Caroline C. Finn; that Katherine A. Anthon died in 1881, leaving three children her surviving, her only issue, namely, Christeane, Archibald F. and George C. Anthon; that Myraette Miles died in 1882 intestate and without issue, leav-

ing her surviving her husband; that letters of administration upon the estate of Mrs. Miles were thereafter issued by the surrogate of the city and county of New York; that in March,. 1885, Archibald T. Finn died, leaving him surviving his. daughter Caroline C. Finn, and his grandchildren Christeane,. Archibald F. and George C. Anthon, his only issue; that thereafter on the 6th day of November, 1885, the defendant paid one-third of the amount due on the policy to Caroline C. Finn, one-third to Charles A. Miles, as administrator of his. wife; one-ninth to Caroline C. Finn, as guardian of Christeane Anthon, and two-ninths to Edward Anthon, as guardian of Archibald F. and George Christian Anthon; that plaintiff has been appointed guardian of the estates of Archibald F. and George Christian Anthon; that there is due and owing from the defendant to the plaintiff, as such guardian, one-ninth of the whole amount insured by the policy, in addition to two-ninths thereof already paid to the two children of Katherine A. Anthon, deceased, such one-ninth being equal to one-third of the amount wrongfully paid to Charles A. Miles, as administrator of his wife's estate; that the sum so due and owing to the plaintiff. from the defendant is $555.50, with interest from June 7, 1885, and plaintiff demands judgment for that sum.

To this complaint the defendant demurred upon the following grounds:

*First.* That it appears upon the face of the said complaint. that the plaintiff has not legal capacity to sue.

*Second.* That it appears upon the face of the said complaint that there.is a defect of parties plaintiff in the omission of the administrator or other personal representative of Katharine Anthon, deceased.

*Third.* That the said complaint does not state facts sufficient to constitute a cause of action.

*G. G. Frelinghuysen* for appellant.     The policy, at the. moment of its execution, vested in Mrs. Finn and her children as the assured under the provisions of the statute.     (*White-*

*head* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143–152 ; *Stilwell* v. *M. L. Ins. Co.*, 72 id. 385–390.) Personal property does not descend, but goes to the executor or administrator, who alone is entitled to represent the deceased in respect to it. (Redf. on Law and Pr. 435.) No title to personal property vests in the next of kin, excepting through an executor or administrator. (*Brown* v. *Brown*, 1 Barb. Ch. 189 ; *Humbert* v. *Worster*, 22 Hun, 406 ; *Willard* v. *Hammond*, 21 N. H. 385 ; *Ferrie* v. *Pub. Admr.*, 3 Bradf. 249 ; *Johnston* v. *Smith*, 25 Hun, 176 ;. *Clock* v. *Chadeague*, 10 id. 102–105.) The plaintiffs have not shown any interest in the cause of action. They have no capacity to sue. (Code of Civ. Pro. § 449.) By the general rules of law a policy on the life of one sustaining only a domestic relationship to the insured would become inoperative by the death of such insured in the lifetime of the *cestui que vie*. (*Eadie* v. *Slimmon*, 26 N. Y. 17.) The domestic relationship includes the relationship of the wife and children to the father. (Act of 1840, § 2 ; *Olmstead* v. *Keyes*, 85 N. Y. 593 ; Potter's Dwar. 185 ; *Burnside* v. *Whitney*, 21 N.Y. 149 ; *How* v. *Peckham*, 6 How. Pr. 229.) If a statute makes use of a word, the meaning of which is well known at common law, the word shall be. understood in the same sense in the statute as at common law. (*Mayo* v. *Wilson*, 1 N. H. 55 ;. *Dwelly* v. *Dwelly*, 46 Me. 377.) The word " children " accords with its popular signification, as designating the immediate offspring. (*Adams* v. *Law*, 17 How. 151 ; *Reeves* v. *Brymer*,. 4 Ves. 697 ; *Prowitt* v. *Rodman*, 37 N. Y. 42 ; *Low* v. *Harmony*, 72 id. 408 ; *Gelston* v. *Shields*, 78 id. 280 ; *Mowatt* v. *Carrow*, 7 Paige, 328 ; *Palmer* v. *Horn*, 84 N. Y. 521 ; *Sower* v. *Berndt*, 10 Penn. St. 213 ; *Hone* v. *Van Schaick*,. 3 N. Y. 540 ; *Feits* v. *Van Atta*, 26 N. J. Eq. 84 ; Wms. on Ex. [6th ed.] § 1098.) The policy, in terms, does not run to grandchildren. (*Olmstead* v. *Keyes*, 85 N. Y. 598.) A policy of life insurance is personal property, a chose in action, and forms part of the personal estate of the owner thereof, and goes to the personal representative of the owner. (*Olmstead* v. *Keyes*, 85 N. Y. 598.) The policy vested in Mrs. Anthon,.

Mrs. Miles and Miss Finn, or "the children" on the death of their mother, Mrs. Finn. (*Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 152; *Stilwell* v. *M. L. Ins. Co.*, 72 id. 385; *Brockwood* v. *C. M. Co.*, 27 Rep. 766; *W. C. Bank* v. *Hume*, 128 U. S. 205; *Cont. Ins. Co.* v. *Palmer*, 42 Conn. 60; *Olmstead* v. *Keyes*, 85 N. Y. 598; *Garner* v. *Germania L. Ins. Co.*, 110 id. 266; *Martin* v. *F. L. F. Ins. Co.*, 9 Vt. 141.) The Anthon children have already had their mother's full share, one-third, and are not entitled to any more unless they can show that the personal representative of Mrs. Miles was not entitled to her personal property. (*Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 152; *Garner* v. *Germania L. Ins. Co.*, 110 id. 266; *Cont. L. Ins. Co.* v. *Palmer*, 42 Conn. 60.)

*Edward W. Sheldon* for respondent. Upon the death of Mr. Finn the policy became payable, his wife having predeceased him, to those in the class of their children who answered the description, and were capable of taking at the time of such death. (*Eadie* v. *Slimmon*, 26 N. Y. 9; *Barry* v. *E. L. Ass. Soc.*, 59 id. 587, 605; *Olmstead* v. *Keyes*, 85 id. 593; *Brummer* v. *Cohn*, 86 id. 11, 16, 17; *Smillie* v. *Quinn*, 90 id. 492, 496; *Baron* v. *Brummer*, 100 id. 372; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 id. 143, 152; *Frank* v. *M. L. Ins. Co.*, 102 id. 266; *C. M. L. Ins. Co.* v. *Fish*, 59 N. H. 126; *Robinson* v. *Duvall*, 79 Ky. 83; *Shields* v. *Sharpe*, 17 Ins. L. J. 793; *Teed* v. *Morton*, 60 N. Y. 502; *Vincent* v. *Newhouse*, 83 id. 505; *Prowitt* v. *Rodman*, 37 id. 42.) When the language of a limitation is capable of two constructions, one of which would operate to disinherit a lineal descendant of the testator, while the other will not produce that effect, the latter should be preferred. (*Low* v. *Harmony*, 72 N. Y. 408, 414.) The plaintiff has legal capacity to sue. (*Wuesthoff* v. *G. L. Ins. Co.*, 107 N. Y. 580; *In re Hynes*, 105 id. 560, 563.)

*Horace Barnard* for respondent. The "children" were vested with an absolute title to the policy by an executed gift, and there is no other source of title shown. (*Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 151; *N. Y. L. Ins. Co.* v. *Stal-*

*ham*, 93 U. S. 85 ; *Wash. Cen. Bank* v. *Hume*, 128 id. 195 ; *Ferdon* v. *Canfield*, 104 N. Y. 145.)   The payment of one-third of the policy to Charles A. Miles, the husband and administrator of his wife, Myra Miles, deceased, was lawful and proper.. (3 R. S. 2179, § 14, 2394, §§ 6, 8 ;  *Olmstead* v. *Keyes*, 85 N. Y. 593, 597 ; *Ransom* v. *Nichols*, 22 id. 110 ; ·*Conigland* v. *Smith*, 79 N. C. 303.)

Earl, J. The policy was issued in this state and was a valid. policy under chapter 80 of the Laws of 1840 ; and the sole matter for our determination is the construction and effect to be given to the language contained in the policy.   The court below held that no portion of the policy was payable to the administrator of Mrs. Miles, but that one half thereof was payable to Caroline C. Finn, the surviving daughter of Mr. and Mrs. Finn, and the other half to the three grandchildren. We find no language in the . policy insuring anyone but Mrs. Finn, and the children of Mr. and Mrs. Finn.   If Mrs. Finn survived her husband, the sum mentioned in the policy was payable to her.   When she died before her husband, the only persons interested in the policy were her children then living, and the whole policy, as a chose in action, belonged to them. They held vested interests therein as they could in any other chose in action payable at a future time.   (*Olmsted* v. *Keyes*, 85 N. Y. 593 ;  *Whitehead* v. *N. Y. Life Ins. Co.*, 102 id. 143.)

It is true that it was the purpose of the act of 1840 to enable a husband to make a provision for his family ; but how that provision should be made was to be determined by the parties to the policy.   The insurance could be for the benefit of the wife alone, in which case the amount insured would, upon the death of the husband, be payable to her if she survived ; but if she died before him, it would then vest in and be payable to her personal representatives, and not to her children.   So, too, the insurance could be made payable to a child, in which case, upon the death of the father, it would be payable to the personal representatives of the child if dead.   Her grandchildren are not named, and their names cannot be put into the policy.

In the event that has happened, the policy might be construed and is payable precisely as if the children alone had been named therein.    Therefore, when Mrs. Miles died her interest in the policy passed to her administrator as her personal representative and as part of her personal estate ; and upon the death of Mr. Finn one-third of the policy was payable to the surviving child, one-third to the administrator of Mrs. Miles and one-third to the administrator of Mrs. Anthon.    The children of Mrs. Anthon, as such, could have no standing to maintain an action to recover any sum due upon the policy.    But even if they could, their full share has already been paid to them.

If, however, we assume that we are wrong in this construction of the policy, then, upon the death of Mrs. Finn, the policy was payable to her children as a class, and those of the class would take who were in being at the time when the policy became payable, and in no event could grandchildren be included in the class.    In that case the whole policy would be payable to the only survivor of the class, to wit, Caroline C. Finn.

We are, therefore, of the opinion that the judgments of the General and Special Terms should be reversed, and that the defendant should have judgment upon the demurrer, with costs.

All concur.

Judgments reversed.