LOCKWOOD v. MICHIGAN MUTUAL LIFE INSURANCE CO.

1. LIFE INSURANCE—SURRENDER OF POLICY—CASH VALUE—SUF
FICIENCY OF DECLARATION.

A declaration in a suit to recover the cash value of a life-insur-
ance policy, under a provision guaranteeing the payment of
such value upon the surrender of the policy within a specified
time, is not fatally defective in failing to allege the surrender
of the policy, but the omission may be supplied by amendment.

2. SAME—INTEREST OF BENEFICIARIES.

Upon the execution of a life-insurance policy, the beneficiaries
therein named acquire an interest which the law recognizes,
and which the insured cannot dispose of at his own will.

3. SAME—ENDOWMENT POLICY.

A life-insurance policy was made payable to the insured at
the expiration of 20 years from its date, in case he should
then be living. If he should die in the meantime, it was pay-
able to his mother, if living, otherwise to his brothers and sis-
ters. It was further provided that upon the surrender of the
policy, duly receipted by the insured and the beneficiaries,
within three months after the expiration of the third or any
subsequent year for which premium had been paid, the com-
pany would pay a specified cash value. Held, that the in-
sured could not maintain an action to recover such cash value
without first obtaining receipts from all of the beneficiaries.

Error to Ingham; Wisner, J., presiding. Submitted
January 10, 1896. Decided February 18, 1896.

Assumpsit by Stanley L. Lockwood against the Michi-
gan Mutual Life Insurance Company to recover the cash-
surrender value of certain policies of insurance. From a
judgment for plaintiff on verdict directed by the court, de-
fendant brings error. Reversed.

The plaintiff secured three policies of insurance, for
$1,000 each, which were termed accumulative bonds.
The annual premium on each was $49.95. They were

payable to him in 20 years; but, if he should die before that time, the company agreed—

"To pay the said sum of $1,000, and, in addition thereto, an amount equal to all annual premiums paid to the company on this bond prior to such death, the sum so to be paid being indicated and guaranteed upon the margin hereof (all indebtedness on account of this bond being first deducted therefrom), to his mother, Hilah A. Lockwood, if living; if not living, then to Amy L., Harriet L., Joseph B., Floyd A., Alta I., and Ruth Lockwood [the brothers and sisters of the insured], or the survivors of them, equally."

The guaranteed cash value is printed upon the policy, as follows:

"On the surrender of this bond, duly receipted by the insured and beneficiaries, within three months after the expiration of the third or any subsequent year for which premium has been paid, the company will pay the cash value specified in the following table."

The cash value of each policy at the end of the third year was $92.98.

After paying the premiums for three years, plaintiff decided to surrender the bonds and take the cash-surrender value stipulated. He notified the company, and sent receipts, signed by himself and Hilah A. Lockwood, but not signed by any of the other beneficiaries named. The defendant requested receipts signed by the other beneficiaries, and declined payment unless they were furnished. Thereupon plaintiff instituted this suit to recover the stipulated amounts. The defendant requested the court to direct a verdict for the defendant, which was refused, and a verdict directed for the plaintiff.

*Cahill & Ostrander*, for appellant.

*F. S. Porter*, for appellee.

GRANT, J. (*after stating the facts*). 1. The declaration failed to aver the surrender of the bond within the time limited, duly receipted by the insured and benefi-

ciaries. It is insisted that this was a fatal defect in the declaration. The defendant was not taken by surprise or prejudiced upon the trial by this technical defect in the declaration. Upon request, the court below would have permitted an amendment, and, under 2 How. Stat. § 7636, this court may treat the amendment as made.

2. Was it necessary that the receipt should be signed by all the beneficiaries? The record does not show the reason given by the learned circuit judge for his direction. The brief of the plaintiff is based upon the theory that the interests of the beneficiaries were contingent, that the insured could deal with these policies as he chose, and that no receipt signed by any of the beneficiaries was necessary. Upon no other theory can the plaintiff's contention be sustained; for, if the policy required the receipt of any beneficiary, it required the receipt of all. Such, however, is not the rule of law governing contracts for life insurance. The beneficiaries, upon the execution of the policy, acquire thereby an interest which the law recognizes, and which the insured cannot dispose of at his own will. This interest is recognized by the authorities, and it is of little consequence whether it be called vested or contingent. Bliss lays down the rule as follows:

"We apprehend the general rule to be that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance, by any act of his or hers, by deed or by will, to transfer to any other person the interest of the person named. An irrevocable trust is created." Bliss, Ins. § 317.

In *Hubbard* v. *Stapp*, 32 Ill. App. 541, the policies were payable to the insured at the end of 15 and 20 years, respectively; but, if he died before those dates, then to his wife and son, if they should survive him. It was held that the beneficiaries held a vested interest, which could not be affected by any subsequent act of the insured.

In *Manhattan Life Ins. Co.* v. *Smith*, 44 Ohio St. 156

(58 Am. Rep. 806), the policy was issued on the life
of the husband, payable to the wife. The husband
retained the policy, and paid the premiums, and received
the dividends. He and his wife separated, whereupon he
notified the company that he no longer wished to continue
the policy. It was held that he had no power to surren-
der the policy merely because he was the insured party
and had paid premiums; and that, after the company was
informed of the separation, it was its duty to notify her
of the premiums due; and that the policy did not lapse in
consequence of the failure to pay them.

In *Fowler* v. *Butterly*, 78 N. Y. 68 (34 Am. Rep. 507),
the husband obtained the policy in terms very similar to
the present ones, payable, in the event of his death before
a certain time, to his wife, if living; otherwise to his
daughter. She joined with her husband in an assignment
of the policy to secure a debt of the husband. The court
found that the assignment was procured through undue
influence and control, amounting to compulsion, which
rendered it void. The court said:

"It will be seen that the policy was not alone for the
benefit of the husband, but contained two separate and
independent provisions. One of these was for his benefit,
and conferred upon him absolute authority to receive the
amount insured, if he remained alive until the time named
and the policy was then in force, and the other for the
benefit of the wife, if she survived him, or, otherwise, of
the daughter. In case of the death of the assured, the
wife or daughter became thereby vested with the sole
right to collect and receive the money mentioned in the
policy. The payment of the premium was made, and the
policy was obtained, having these objects in view. The
husband alone could collect the policy, if alive at the time
of its expiration; otherwise it inured to the benefit of the
wife, in case she survived her husband, or of the daugh-
ter, as provided. The fact that the covenant in the policy
was with Butterly, as the assured, and the legal title and
interest was in him, if he lived until the time named, does
not establish an intention to keep control of the policy

108 MICH.—22.

otherwise than as specified, or deprive the wife of the right which she had by virtue of the same."

To the same effect are *Union Central Life Ins. Co.* v. *Woods*, 11 Ind. App. 335; *Continental Life Ins. Co.* v. *Palmer*, 42 Conn. 60 (19 Am. Rep. 530); *Landrum* v. *Knowles*, 22 N. J. Eq. 594; *Brown's Appeal*, 125 Pa. St. 303; 2 May, Ins. § 390.

The interests of all the beneficiaries in the present case depend upon contingencies. The contingency of the death of the insured within 20 years applies to both beneficiaries. The interest of the brothers and sisters depends upon one other contingency, viz., the death of the mother before the insured. The contract is specific and clear in requiring the receipt of all the beneficiaries before the obligation of payment is fastened upon the defendant. It might have provided for its surrender upon his receipt alone, or upon those of himself and mother, in which event the beneficiaries could not complain; but it did not. Both the plaintiff and the defendant agreed that the beneficiaries should be consulted about the termination of the contract, and that their receipt should be produced in order to terminate it. If plaintiff should refuse or neglect to pay the annual premiums, it would be doubtful if the policy would be forfeited, without notice to the beneficiaries and the opportunity afforded them to keep the policy alive by payment. It follows that plaintiff had not complied with the plain terms of his contract, and was therefore not in position to maintain this suit.

Judgment reversed, with the costs of both courts, and no new trial ordered.

The other Justices concurred.