| 119 | 161 |
| s77NW | 697 |
| e131 | 597 |
| 119 | 161 |
| e140 | 2236 |

VOSS *v.* CONNECTICUT MUTUAL LIFE INSURANCE CO.

1. Life Insurance — Surrender for Reduction—Construction of Contract.

An insurance policy, issued without change, except as to amount, from one which was surrendered merely for reduction, is to be construed, with reference to the interest of a beneficiary who died before the surrender, as of the date of the original contract.

2. Same—Beneficiaries—Vested Interests.

A child to whom a policy of insurance on his father's life is payable if the mother be not living at the father's death has a vested, though defeasible, interest, which, in the event of his dying before the mother, will descend to his heirs.

3. Same—Splitting Actions—Parties.

One of two beneficiaries in an insurance policy cannot maintain an action against the company to recover his proportion of the insurance without accounting for his failure to join the other beneficiary.

Error to Wayne; Hosmer, J. Submitted October 4, 1898. Decided January 3, 1899.

*Assumpsit* by Anna Voss and others against the Connecticut Mutual Life Insurance Company on a policy of insurance. From a judgment for defendant on demurrer to the declaration, plaintiffs bring error. Affirmed.

*John G. Hawley,* for appellants.

*Moore & Goff,* for appellee.

Long, J. This is an action on a life-insurance policy issued by the defendant company to George Engelking, and payable to Katharina Engelking as beneficiary. The declaration recites:

"For that whereas, the said Anna Voss is the widow

of George Voss, deceased, and the said other plaintiffs are children and heirs of the said George Voss; and whereas, the said George Voss was in his lifetime one of the two children of Katharina Engelking, deceased; and whereas, the said Katharina Engelking was in her lifetime the wife of George Engelking; and whereas, heretofore, to wit, on the 22d day of December, A. D. 1866, at the city of Pittsburgh, in the State of Pennsylvania, the said defendant, for good and sufficient consideration to it in hand paid by the said George Engelking, did make, execute, and deliver to the said George Engelking its certain policy of insurance, wherein and whereby the said defendant expressly promised and agreed to and with the said George Engelking that, upon the death of the said George Engelking, the said defendant would pay to the said Katharina Engelking, or, in the event of her prior decease, to her children, the sum of $5,000; and thereupon, afterwards, to wit, on the 27th day of December, 1878, the said sum so payable was, by the mutual consent of the parties, reduced to $3,000, the said policy in all other respects remaining in full force; and thereupon, afterwards, to wit, on the 23d day of December, 1882, the said sum so payable was, by mutual consent of the parties, further reduced to the sum of $2,500, the said policy in all other respects remaining in full force; and thereupon, afterwards, to wit, on the 31st day of December, 1883, the said sum so payable was, by the mutual consent of the parties, further reduced to the sum of $2,000, the said policy in all other respects remaining in full force; and thereupon, afterwards, to wit, on the 22d day of December, 1885, the said sum so payable was, by the mutual consent of the parties, further reduced to the sum of $1,500, the said policy in all other respects remaining in full force; and whereas, then and there, to wit, at Pittsburgh, on December 22, 1866, the said George Voss and Joseph Engelking were the children, and the only children, of said Katharina Engelking; and whereas, afterwards, to wit, on the 1st day of April, A. D. 1887, at the said city of Pittsburgh, the said Katharina Engelking died, the said George Engelking still living; and whereas, afterwards, to wit, on the 1st day of May, A. D. 1888, the said George Engelking died at the said city of Pittsburgh, the said policy of insurance then being in full force, leaving surviving the said plaintiffs and said Joseph Engelking, the said George Voss and the said Joseph Engelking being the persons

named in said policy of insurance as the children of said Katharina Engelking; and whereas, the said George Voss died, to wit, at the city of Detroit, on the 8th day of June, A. D. 1880, leaving him surviving the plaintiffs in this suit, his widow and children, as hereinbefore recited; and thereupon, afterwards, to wit, on the 4th day of January, A. D. 1897, the said defendant, in consideration of the premises, undertook and faithfully promised the said plaintiffs to pay them, the said plaintiffs, the sum of $750, one-half of the sum secured by the said policy of insurance, whenever thereafter requested so to do; yet the said defendant has not, although often requested so to do, paid to the said plaintiffs the said sum of money, or any part thereof; to the damage of the said plaintiffs," etc.

A demurrer was interposed to this declaration, and the demurrer sustained in the court below. Plaintiffs bring error.

Inasmuch as the policy sued upon is contained in the record, and is treated by counsel in their briefs as a part of the declaration, we quote from its provisions. It is recited therein that the insurance company does—

" Hereby insure the life of George Engelking,  *   *   * for the term of his natural life, in the sum of $1,500, for the sole use and benefit of Katharina Engelking, wife of said insured; the said sum insured to be paid at the office of this company, in Hartford, Connecticut, to the said assured, or her legal representatives, within 90 days after due notice and satisfactory evidence of the death of the said insured during the continuance of this policy; or, if the said assured be not then living, the said sum insured shall be payable as above to her children, or to their guardian, if under age," etc.

It appears from the declaration that George Voss, one of the alleged children of Katharina Engelking, the beneficiary, died in 1880, and that his mother, Katharina Engelking, died April 1, 1887, nearly seven years afterwards. Defendant's contention is that, as this contract of insurance (when it was reduced to $1,500, and a new policy issued, dated December 22, 1885) was made after the death of George Voss, therefore no money could be payable to these plaintiffs, the widow and children of

George Voss, unless the word "children" should be construed to mean grandchildren. There might be some reason for this contention if the contract of insurance had been made originally in 1885; but, on the contrary, the contract was made December 22, 1866. George Voss was then living. The contract was, from time to time thereafter, surrendered for reduction only. The form of the contract was the same as in the original, and undoubtedly each new contract of reduction was based upon the same application, the only changes made being to reduce the amount. The contract, then, must be construed as it stood in 1866, except as the amount has been reduced to $1,500.

Katharina Engelking, or her legal representatives, was to receive this sum on the death of George Engelking; but, if she was not living at the death of her husband, the payment was to be made to her children. Katharina Engelking was not living at the time of the death of the insured. Her son George also died before that time, leaving children, who are plaintiffs here. Had Katharina Engelking lived beyond the life of her husband, she would have been entitled to the moneys. She died before the insured, and consequently had George, her son, lived, he, with the other child, if living, would have been entitled by the terms of the policy to receive the moneys thereon. Can it be said that it was within the terms of this policy, or within the contemplation of the parties, that should Katharina die before the insured, leaving no children, but grandchildren, the policy should lapse? We think not.

In the case of *Continental Life Ins. Co.* v. *Palmer*, 42 Conn. 60 (19 Am. Rep. 530), it appeared that Betsey A. Palmer insured the life of her husband, Benjamin W. Palmer, in the sum of $3,000, payable to herself, if living; if not, to their children. She died before her husband. Amos F. Palmer, one of the children, also died during the lifetime of his father, leaving issue, Charles P. Palmer. The question reserved for the supreme court was whether

Charles P. Palmer took an interest in the policy, or whether the whole sum insured vested in the surviving children. It was said by the court:

" Amos F. Palmer [ the son of the insured ], at the time of his decease, had an interest in this policy which was transmissible by descent; and consequently the respondent, Charles P. Palmer, is entitled to that portion of the fund which his father would have taken if living."

One of the reasons given by the court for that holding was that—

"The moment this policy was executed and delivered, it became property, and the title to it vested * * * in the payees. The payees consist of two parties, the wife and the children. As only one could take and enjoy the property ultimately, it did not vest in all as tenants in common, nor did it vest in either so as to give a right to the present enjoyment of it. It was not, however, a mere expectancy nor a naked possibility, but it was a possibility coupled with a present interest. It was visible, tangible property, and, like any other insurance policy, it was capable of assignment and had an appreciable value. Each party took a conditional, not an absolute, right to the whole policy. It was not a condition precedent, but subsequent. The title vested in point of right immediately, but was liable to be devested upon the happening of a subsequent event. The right to the policy, in a strict sense, was not contingent. The possession and enjoyment of the fund thereby created were postponed to the future, and were contingent. This contingency applied to both parties,—to the wife as well as to the children. Her enjoyment of the fund depended upon her surviving her husband; the children's, upon her husband surviving her. In respect to each, it was a then present right to the future enjoyment of property, but it was liable to be defeated by a subsequent contingency, and was certain to be defeated as to one of them. That such a right is recognized as property, and is transmissible to heirs, is a proposition abundantly established by the authorities."

The general rule is that, where the contingency is of such a nature that no interest vests until the happening of the event upon which the estate depends, nothing is transmitted to the heirs. So, too, if the death of a party in

whom a contingent interest is vested is an event, by reason of its happening before some other event, upon which the estate is given to others, the heirs take nothing. In the present case, however, the widow was to take the whole on condition she survived her husband; but, if she departed this life before him, the fund was to be paid in full to her children. These children, then, as in the case of *Continental Life Ins. Co.* v. *Palmer, supra,* were vested with this fund on condition that the mother died before the insured. This event happened. The right was more than a mere expectancy or naked possibility. It was a possibility coupled with an interest, which was transmissible to the heirs of the children. This rule was adopted in *Connecticut Mut. Life Ins. Co.* v. *Fish,* 59 N. H. 126; *Winslow* v. *Goodwin,* 7 Metc. (Mass.) 363. See, also, *Lockwood* v. *Insurance Co.,* 108 Mich. 334.

The rule is stated by Chancellor Kent (4 Kent, Comm. 261), that—

"All contingent and executory interests are assignable in equity, and will be enforced if made for a valuable consideration; and it is settled that all contingent estates of inheritance, as well as springing and executory uses and possibilities coupled with an interest, where the person to take is certain, are transmissible by descent, and are devisable and assignable."

1 Redf. Wills, p. 390, also lays down the rule that—

"It seems to be settled beyond all question that all vested estates, even though liable to be defeated by conditions subsequent, are transmissible, and by consequence devisable."

The policy expressly provides that it shall not be assigned, and there is nothing contained in it giving the insured the right to name new beneficiaries.

It is therefore certain that George Voss, at the inception of the contract contained in the policy, had a vested interest therein, though contingent, and at his death that interest descended to his widow and children, and they may maintain an action therefor.

The declaration sets forth substantially that Katharina Engelking, at her decease, left two children her surviving. It nowhere appears but that the other child is still living. If so, that child, or the representative of that child, is equally interested in this litigation, and should share the proceeds of this policy with the widow and children of George Voss. That child is not made a party to this suit. The plaintiffs cannot be permitted to thus split up the demand. It is a single cause of action, and the plaintiffs cannot present a part of it in this action, and leave the rest to be litigated in another suit. The rule was settled in *Continental Ins. Co.* v. *H. M. Loud & Sons Lumber Co.*, 93 Mich. 139 (32 Am. St. Rep. 494), and the cases there cited. The demurrer must be sustained on this ground, but without prejudice to the bringing of an action in which all the necessary parties are joined.

The other Justices concurred.