MICHIGAN MUTUAL LIFE-INSURANCE CO. *v.* BASLER.

LIFE INSURANCE — BENEFICIARIES — DESIGNATION — CHILDREN — GRANDCHILDREN.

> A life-insurance policy was payable to the insured's wife, if living, or, if not, to the children of insured and his wife. Prior to insured's death his wife, and after her, one of their two children, died. *Held*, that the policy was payable to the surviving child and the surviving issue of the deceased child.

Appeal from Wayne; Rohnert, J. Submitted February 8, 1905. (Docket No. 113.) Decided May 22, 1905.

Bill of interpleader by the Michigan Mutual Life-Insurance Company against Julius Basler, and Otto Miller and Ella Miller to determine the right to the proceeds of a life-insurance policy. From a decree for defendants Miller, defendant Basler appeals. Affirmed.

*George E. & M. A. Nichols*, for appellant.

*William Wisner Taylor*, for appellees.

MOORE, C. J. On the 31st of August, 1870, the complainant company issued a $1,000 policy of insurance upon the life of Frank Basler, in which it was recited, among other things, that, in consideration "* * * and of the sum of thirty-three dollars and seventy-nine cents to them paid by Frances Basler," they issued the policy. It provided:

"And the said Company do hereby promise and agree to pay the said sum insured at their office, in the city of Detroit, to the said assured for her sole use, if living, in conformity with the statute, and if not living to the children of the said * * * Frank and Frances Basler * * * or their guardian, for their use; or, if there be no such children surviving him, then to the executors, administrators or assigns of the said Frank Basler in sixty

days after due notice and satisfactory proof of the death of the said person whose life is hereby insured as above, all indebtedness for premiums, if any, being first deducted therefrom."

Frances Basler was the wife of Frank Basler. She died in March, 1897, leaving two children of herself and Frank Basler, namely, Julius Basler, appellant, and Martha Basler Miller. Mrs. Miller died January 22, 1900, leaving two children, Otto Miller and Ella Miller, the other defendants. Frank Basler died February 23, 1902, leaving, him surviving, as his heirs, Julius Basler, a son, and Otto Miller and Ella Miller, grandchildren. Proper proofs of death were delivered to complainant, and its liability became fixed to pay $1,000 to the persons entitled thereto. Julius Basler makes claim to the entire $1,000 on the ground that he is the only surviving child of the said Frank Basler at the time of his death. Otto Miller and Ella Miller claim that, as children of Martha Basler Miller, they are entitled to $500. May 9, 1902, complainant paid to Julius Basler $500, and refused to pay any further sum, because of the claim made by Otto Miller and Ella Miller. May 13, 1902, complainant filed a bill of interpleader for the purpose of settling the rights of the parties to the fund, and paid the money into court. A decree was entered wherein it was determined that the $500 remaining in the hands of the register in chancery, less certain costs, be paid to Julius R. Petersen, administrator of Martha Basler Miller's estate, to be by him paid to the defendants Otto Miller and Ella Miller. From this decree Julius Basler appeals.

In considering this case, it is important to bear in mind that the policy was not issued by a fraternal society, but by a stock company. The appellant claims that the word "children," as used in this policy or contract, means issue of the first degree, and does not and was not intended to include grandchildren, and is not and was not intended to be synonymous with "heirs," "issue," or words of inheritance. He insists that a true construction of his father's

intention in taking out this policy is, stated in the language of the brief:

"If my wife survives me, she is to have the whole of the sum insured. If not, my children, if they survive me, shall have it. If they do not, and neither of them survive me, it shall form part of my estate, and be divided according to the laws of the State of Michigan. It is my design to provide for my wife and my children, and none others, through the instrumentality of this policy."

Counsel cite in support of this contention a good many cases, and rely particularly upon *Lane* v. *De Mets*, 59 Hun (N. Y.), 462; *U. S. Trust Co.* v. *Insurance Co.*, 115 N. Y. 152; and *Walsh* v. *Insurance Co.*, 133 N. Y. 408.

On the part of the appellees it is insisted:

"The policy is to be construed as a contract made between the assured [Mrs. Basler] and the company for the benefit of the party or parties named therein as beneficiary or beneficiaries, * * * which vests in the beneficiary certain rights, which neither the insured nor the insurer have power to destroy or abridge without the consent of the given beneficiary or beneficiaries."

That "upon the death of Frances Basler the right to payment became vested in her daughter, Martha Basler Miller, and in her son, Julius Basler, brother and sister. This vested interest in the policy was so vested in Martha Basler Miller that it became part of her estate upon her death, and therefore passed—she dying intestate—to her personal representatives." Counsel cite in support of this contention *Continental Life-Ins. Co.* v. *Palmer*, 42 Conn. 60; *Phœnix Mut. Life-Ins. Co.* v. *Dunham*, 46 Conn. 79; *Connecticut Mut. Life-Ins. Co.* v. *Fish*, 59 N. H. 126; *Smith* v. *Insurance Co.*, 68 N. H. 405; *Millard* v. *Brayton*, 177 Mass. 533 (52 L. R. A. 117); *In re Estate of Conrad*, 89 Iowa, 396; and the case cited by counsel for appellant (*U. S. Trust Co.* v. *Insurance Co.*, 115 N. Y. 152), and Michigan cases which will be mentioned later.

An examination of the many cases cited by counsel shows a want of uniformity in the decisions. It would profit no one to attempt to analyze and harmonize these varying decisions. While the precise question involved here has not been passed upon by this court, we think the principle for which the appellees contend has been established as stated by the trial judge in *Voss* v. *Insurance Co.*, 119 Mich. 161 (44 L. R. A. 689). See, also, *Lockwood* v. *Insurance Co.*, 108 Mich. 334; *Voss* v. *Insurance Co.*, 131 Mich. 597.

The decree is affirmed, with costs.

CARPENTER, MCALVAY, GRANT, and BLAIR, JJ., concurred.