AARON DAVIS *vs.* NEW YORK LIFE INSURANCE COMPANY.
CHARLES C. DAVIS *vs.* SAME.

Suffolk. May 20, 1912. — June 18, 1912.

Present: MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Insurance,* Life. *Contract,* Construction. *Conflict of Laws. Words,* "Children."

An application in writing for a policy of life insurance to be issued by an insurance company with its office in the State of New York was dated in Massachusetts and delivered to a local agent of the company, accompanied by a medical certificate also dated in this Commonwealth. The application contained a provision that "under no circumstances shall the policy be in force until the actual payment to and acceptance of the premium by an authorized agent of the company." The policy was received from the company by the agent and by him sent to the insured, and the premium was paid to the agent. Neither the application nor the policy contained any provision respecting what law was to govern its construction or what was the place where it was to be performed. *Held,* that the contract was made in Massachusetts and should be construed in accordance with Massachusetts law.

Greater strictness is exercised in the construction of contracts than in the construction of wills.

A policy of life insurance provided that, if the wife of the insured was not living at the time of his death, the amount of the insurance should be paid to the wife's "children, for their use, or to their guardian, if under age." The insured and his wife had three children, one of whom died before the insured, leaving children. The wife died before the insured. The children of the deceased child of life insured claimed the share of the insurance that would have been their parent's had he survived the insured. *Held*, that the word "children" in the policy did not include grandchildren, and therefore that the insurance should be divided only between those children of the wife who survived the insured.

MORTON, J. In these two actions the plaintiffs seek to recover each one sixth of the proceeds of a policy for $10,000 issued by the defendant company on the life of their grandfather on their mother's side. The policy provides that the defendant company "In consideration of the representation made to them in the application for this policy, and of the sum of Five Hundred forty-one dollars and sixty cents, to them in hand paid by Jane, wife of Charles F. Claflin, and of the annual premium for nine years of Five Hundred forty-one dollars and Sixty cents. . . . Do assure the life of Charles F. Claflin, Shoe Manfr. of Milford in the County of Worcester, State of Massachusetts, in the amount of Ten thousand Dollars, for the term of his natural life, commencing on the Twelfth day of Mch. 1864. . . . And the said Company do hereby promise and agree to and with the said assured, his executors, administrators, and assigns, well and truly to pay, or cause to be paid, the said sum assured, to the said Jane Claflin & her legal representatives within sixty days after due notice . . . of the death of the said C. F. Claflin.

"And in case of the death of the said J. Claflin before the decease of the said C. F. Claflin, the amount of the said Insurance shall be payable after her death to her children, for their use, or to their guardian, if under age, within sixty days after due notice and proof of the death of the aforesaid C. F. Claflin as aforesaid."

The date of the policy was June 27, 1864. Charles F. Claflin, the insured, lived in Milford, Massachusetts, and had no other residence. The only children of said Charles F. and Jane Claflin were Agnes M. Claflin (Davis), Grace J. Claflin and Charles A. Claflin. Agnes M. Claflin (Davis) died in 1886, and the plaintiffs are her only children. Jane Claflin, the wife of the insured, died in 1907, and Charles F. Claflin, the insured, died in 1909,

leaving as his only surviving children Charles A. Claflin and Grace J. Claflin. The plaintiffs have made due demand for the portion of the proceeds of thé policy which their mother would have taken if living.

The questions presented relate to the construction of the contract contained in the policy. The first question is whether the contract is a Massachusetts contract or a New York contract. The evidence in regard to that matter is exceedingly meagre. But the application provides that "under no circumstances shall the policy be in force until the actual payment to and acceptance of the premium by an authorized agent of the company." The insured lived at Milford in this State and had no other residence. The application was dated at Milford, as also was the medical certificate accompanying it. One Kimball is designated in the application as "agent," meaning, we infer, agent of the defendant company in this Commonwealth; and from the letter dated at Lynn from him to the insured, it could be fairly inferred that the policy had been received by him from the defendant company and sent by him to and received by the insured at Milford, and that the premium on the policy was duly paid to him as required by the application. Under those circumstances we think that the contract was a Massachusetts contract. *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 109. *Millard* v. *Brayton,* 177 Mass. 533. It is to be noted that neither the application nor the policy contains any provision respecting the law which is to govern, or the place of performance.

The remaining question and the vital one is, what rights, if any, have these plaintiffs in the proceeds of the policy? And the answer to that depends on the nature of the right or interest, if any, which their mother as one of the children of Charles and Jane Claflin had in the policy at the time of her death. The plaintiffs are not named in the policy and they take, if at all, through their mother. It is to be observed at the outset that though the provision made by the insured for his wife and children partakes of a testamentary nature in that it takes effect after his death, the instrument before us for construction is not a will but a contract entered into between the insured on the one side, and the insurance company, the defendant, on the other side, and which the plaintiffs are seeking to enforce as such. The rules applicable to its con-

struction are therefore those relating to contracts and not those relating to wills. In the case of wills, in the drawing of which it is the intention of the testator alone which it is sought to express, greater liberality is allowed in order to prevent the testator's purposes from being defeated. But in the case of contracts entered into it may be after much negotiation and after much consideration of their terms by the parties interested, and where the language used is presumed to have been chosen because it aptly and correctly describes the respective rights and liabilities of the parties, greater strictness is properly required. In the present case the defendant company undertook to pay to Jane Claflin and her legal representatives within sixty days after proof of the death of her husband. If she died before her husband, then it undertook to pay to her children for their use or to their guardian if under age. It did not undertake to pay to her grandchildren or to her children's legal representatives. It undertook to pay only to her children. Ordinarily the word "children" will not include grandchildren. It does not include them in the statutes relating to descent and distribution in this State. *Bigelow* v. *Morong*, 103 Mass. 287. If, however, taking other provisions of the policy into account or taking the policy as a whole and the circumstances under which it was issued, it were apparent that the word "children" was used in a sense which would include grandchildren, then it should be so construed. But we do not find anything in the policy or in the circumstances under which it was issued to warrant us in giving it any other than its ordinary meaning. So interpreted it excludes the plaintiffs and necessarily leads to the conclusion that only those children take who survive their mother. No others answer to the description of children at the time of the death of Jane Claflin. This view is fortified by the consideration that if there are any children under age payment is to be made to their guardian. Manifestly this can apply only to children who survive their mother. If the right of the children to share in the proceeds of the policy is contingent on their surviving their mother, as it is if only those who survive answer to the description of "children" according to the proper construction of the policy then a child dying before the mother would have no interest which was transmissible at his or her death. It is settled that at her death the wife had no transmissible interest in the proceeds of the

policy since her right to the proceeds was contingent on her surviving her husband. *Fuller* v. *Linzee*, 135 Mass. 468, 471. And the same thing would be true of the children if their right to share in the proceeds was contingent, as we think it was, on their surviving their mother. In *Millard* v. *Brayton*, 177 Mass. 533, the contract of insurance was between the wife and the insurance company for her benefit on her interest in her husband's life, and the interests of the children were held to be vested and as such to enure to the benefit of their legal representatives. In *Winslow* v. *Goodwin*, 7 Met. 363, the question arose under a will, and the court held that it was the intention of the testator that the children should take as of his death though their interests were liable to be defeated by the death of their father during the life of their mother. .

Courts in other jurisdictions differ as to the construction to be given to provisions in policies of life insurance like those which we are considering. In some it is held that the child of a deceased child takes the share which his parent would have taken if living. The leading case in favor of this construction is *Continental Life Ins. Co.* v. *Palmer*, 42 Conn. 60. See also *In re Estate of Conrad*, 89 Iowa, 396; *Robinson* v. *Duvall*, 79 Ky. 83; *Michigan Mutual Life Ins. Co.* v. *Basler*, 140 Mich. 233; *Voss* v. *Connecticut Mutual Life Ins. Co.* 119 Mich. 161; *Glenn* v. *Burns*, 100 Tenn. 295. These cases go upon the ground that the policy is to be regarded as a testamentary disposition in favor of his wife and children by the party whose life is insured, and should be construed accordingly. The other view is that the policy is to be regarded as a contract between the parties to it and that in construing it the language used is to be given its ordinary meaning unless it is apparent that it was used in a different sense, and that so construed the word "children" does not include grandchildren. This is the view adopted in *United States Trust Co.* v. *Mutual Benefit Life Ins. Co.* 115 N. Y. 152; *Walsh* v. *Mutual Life Ins. Co.* 133 N. Y. 408; *Bradshaw* v. *Mutual Life Ins. Co.* 187 N. Y. 347; *Succession of Roder*, 121 La. 692; 15 Am. '& Eng. Ann. Cas. 526; and *Winsor* v. *Odd Fellows' Beneficial Association*, 13 R. I. 149. This view is said in a note to *Succession of Roder*, 15 Am. & Eng. Ann. Cas. 526, 531, to be in accordance with the weight of authority, and we think that it is the sounder view.

The result is that we think that according to the report * judgment should be entered for the defendant in each case.

*So ordered.*

The cases were submitted on briefs.

*H. Livermore,* for the plaintiffs.

*W. A. Morse, F. J. Geogan & C. G. Morse,* for the defendant.

---

* The cases were tried before *Dana,* J., who at the close of the evidence ordered verdicts for the defendant and reported the cases for determination by this court.