## GERMANIA LIFE INSURANCE CO. v. WIRTZ.

INSURANCE—LIFE INSURANCE—BENEFICIARIES—CONTINGENT INTERESTS—SURVIVORSHIP.

A life insurance policy payable to the insured's wife if she be living at his death and, if she be then dead, to her children, passes at the time of its issuance a vested interest to her contingent upon her surviving the insured, and to her children and to the children of her children contingent upon her nonsurvival of the insured.[1]

Appeal from Ionia; Davis, J. Submitted October 10, 1916. (Docket No. 94.) Decided May 31, 1917.

Bill of interpleader by the Germania Life Insurance Company against Frank M. Wirtz, executor of the last will of Johannes Schild, deceased, Clark Hawley, special administrator of the estate of Henry Schild, deceased, Bertha Wagner, Lulu Fischer, Sophia Grafe and Herbert Schild to determine the right to the pro-

[1] On right of children or representatives of deceased child to share in the proceeds of policy of life insurance payable to "children," see note in 41 L. R. A. (N. S.) 250.

ceeds of a policy of insurance. From a decree for defendant Wirtz, the other defendants appeal. Reversed.

*R. A. Hawley,* for appellants Schild.

*H. E. Kidder,* for appellants Wagner, Fischer and Grafe.

*E. M. Davis,* for appellee Wirtz.

BIRD, J. Plaintiff shows that it is indebted to some one to the extent of $2,000; the same being the proceeds of an insurance policy issued in 1866 upon the life of Johannes Schild, who died in 1910. There are several claimants demanding the fund, and, it not being clear to plaintiff to which of them it could pay with safety, it tendered the fund into court and prayed to be advised.

Upon an application signed by Johannes Schild and his wife, Margaretha, a policy for $2,000 was issued on December 6, 1866, and made payable to "Margaretha Schild for her sole use, in conformity with the statute in such case made and provided, within 60 days after due notice and proof of the death of the said Johannes Schild, * * * and in case of the death of the said Margaretha Schild before the decease of the said Johannes, the amount of the said insurance shall be payable after her death to her children, for their use, or to their guardian, if under age." When this policy was issued, Johannes and Margaretha Schild had two children, Margaret and Henry. Margaretha, the wife, died in August, 1900. Henry, the son, died a year later, in September, 1901, leaving one child, Herbert Schild. Margaret married and changed her name to Wagner. She died in September, 1886, leaving three daughters, Bertha, Lula, and Sophia.

As will be noted, the wife and children were all deceased when Johannes died, in October, 1910. Johannes left a will, disposing of the proceeds of the policy

to Anna Braun, a niece who cared for him in his last years. This contest is between the estate of Johannes and the four grandchildren mentioned. It is claimed on behalf of Johannes' estate that there is a resulting trust in favor of his estate, for the reason that none of the persons named in the policy as beneficiaries was alive when Johannes died in October, 1910. On behalf of the grandchildren it is argued that upon the issuance of the policy a vested interest passed to the wife and children, and inasmuch as the wife did not survive the insured the children were entitled to the fund, and, they being dead, it would pass to their representatives.

1. The policy was made payable to Margaretha Schild, if living; if not, to her children. We think it is clear that upon the issuance of the policy a vested interest passed to Margaretha, the wife, and to Henry and Margaret, their two children. *Continental Life Ins. Co.* v. *Palmer,* 42 Conn. 60 (19 Am. Rep. 530) ; *Lockwood* v. *Insurance Co.,* 108 Mich. 334 (66 N. W. 229) ; *Voss* v. *Insurance Co.,* 119 Mich. 161 (77 N. W. 697, 44 L. R. A. 689) ; *Michigan Mutual Life Ins. Co.* v. *Basler,* 140 Mich. 233 (103 N. W. 596). While Margaretha's interest was a vested one, it was contingent to the extent that, if she did not survive her husband, it would be extinguished. The interests of Henry and Margaret were also vested, but subject to the contingency that such interest would be divested if Margaretha should survive the insured. Notwithstanding the enjoyment of the respective interests of the children were contingent, their interests would, under the general rule, be transmitted to their children and they would take the same share their parents would have taken, if they had survived the insured. 4 Kent's Commentaries, p. 261; 1 Redfield on Wills, p. 390; *Continental Life Ins. Co.* v. *Palmer, supra; Lockwood* v. *Insurance Co., supra; Voss* v. *In-*

*surance Co., supra; Michigan Mutual Life Ins. Co.* v. *Basler, supra.*

2. Had the facts involved in this case been adjudicated by the Massachusetts court, a different view would have been reached. *Davis* v. *Insurance Co.,* 212 Mass. 310 (98 N. E. 1043, 41 L. R. A. [N. S.] 250). Had they arisen in Connecticut, and been passed upon by that court, the result would have been in accord with the conclusion here reached. *Continental Life Ins. Co.* v. *Palmer, supra.* Both courts have their followers among the State and Federal courts. Counsel for Johannes' estate relies upon the Massachusetts case cited. While that case supports his contention, it also recognizes the diversity of opinion among the courts, and points out the grounds for the diversity, and cites the *Voss* and *Basler Cases* as committing this court to the Connecticut view. In that case it was said that:

"Courts in other jurisdictions differ as to the construction to be given to provisions in policies of life insurance like those which we are considering. In some it is held that the child of a deceased child takes the share which his parent would have taken if living. The leading case in favor of this construction is *Continental Life Ins. Co. v.* Palmer, 42 Conn. 60 [19 Am. Rep. 530]. See, also, *In re Conrad,* 89 Iowa, 396 [56 N. W. 537, 48 Am. St. Rep. 396]; *Robinson* v. *Duvall,* 79 Ky. 83 [42 Am. Rep. 208]; *Michigan Mut. Life Ins. Co.* v. *Basler,* 140 Mich. 233 [103 N. W. 596]; *Voss* v. *Insurance Co.,* 119 Mich. 161 [77 N. W. 697, 44 L. R. A. 689]; *Glenn* v. *Burns,* 100 Tenn. 295 [45 S. W. 784]. These cases go upon the ground that the policy is to be regarded as a testamentary disposition in favor of his wife and children by the party whose life is insured, and should be construed accordingly. The other view is that the policy is to be regarded as a contract between the parties to it, and that in construing it the language used is to be given its ordinary meaning unless it is apparent that it was used in a different sense, and that, so construed, the word 'children' does not include grandchildren. This

is the view adopted in *United States Trust Co.* v. *Insurance Co.,* 115 N. Y. 152 [21 N. E. 1025]; *Walsh* v. *Insurance Co.,* 133 N. Y. 408 [31 N. E. 228, 28 Am. St. Rep. 651]; *Bradshaw* v. *Insurance Co.,* 187 N. Y. 347 [80 N. E. 203, 10 Am. & Eng. Cas. 266]; *Roder's Succession,* 121 La. 692 [46 South. 697, 15 Am. & Eng. Cas. 526]; *Winsor* v. *Beneficial Ass'n,* 13 R. I. 149."

3. To enforce his argument that the children did not have a vested interest, counsel points to the provision in the policy which permits an assignment thereof, and argues that Margaretha might have assigned the policy, and thereby cut off the contingent, or, as he calls it, the expectant, interest of the children. We do not agree with him in this contention. Margaretha and the insured could have assigned the policy, but the assignee would have taken it subject to the interest of the children. *Chapin* v. *Fellowes,* 36 Conn. 132 (4 Am. Rep. 49); *Lockwood* v. *Insurance Co.,* 108 Mich. 334 (66 N. W. 229).

4. Both counsel have argued to a considerable extent in their briefs the equities surrounding the case. We are unable to see how the rule of construction to which this court has committed itself can be affected by those questions, and therefore it will be unnecessary to consider them. We are of the opinion that Herbert is entitled to the share which his father would have taken if living, and the three daughters of Margaret will take the interest which she would have taken if she had been living at the decease of her father.

The decree of the trial court must be reversed, and one entered agreeable hereto. The appellant Clark Hawley, as special administrator, will recover his costs in this court and tax them against the executor of Johannes Schild's estate.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.