The Lincoln National Life Insurance Company, Plaintiff, v. William Trost and Raymond Mueller Administrators of Estate of Caroline Katherin Trost, Deceased, Appellants. Elsie Asselmeier et al., Appellees. Fred Trost et al., Other Defendants.

338

Opinion filed November 8, 1937.

J. FRED GILSTER, of Chester, and ARCHIE P. WEIHL, of Waterloo, for appellants.

C. B. MORRISON, of Waterloo, and P. K. JOHNSON, of Belleville, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

The Lincoln National Life Insurance Company, plaintiff below, filed a bill of interpleader in the circuit court of Monroe county, Illinois, to secure a determination of the rights of various claimants to the proceeds of a life insurance policy issued by the company. The policy in the sum of $5,000 was issued to Caroline Katherine Trost. The application which she signed

contained the following questions and answers: "Question: Name of Beneficiary? Answer: Luella Trost, Elsie Miller, Arlou Miller, Raymond Miller, Edwin Miller, each. Question: Relationship of Beneficiary? Answer: My children." The policy contained the following beneficiary clause: "to Luella Trost, Essie, Arlou, Raymond, and Edwin Miller ――― children (Equally) of the Insured, or to such other beneficiary as may have been designated by the Insured in the manner as hereinafter provided". The policy also provided: "If no designated beneficiary shall survive the Insured, the proceeds of this policy will be paid to the Executors, Administrators or Assigns of the Insured." It also set forth the method for designation of other beneficiaries.

The above named were the only children of the insured. Luella Trost predeceased the insured and left her surviving, Fred Trost, her husband, and Ardella Trost and Leona Trost, her children.

Elsie Asselmeier, Arlou Ruby, Raymond Mueller, and Edwin Mueller, being those of the named beneficiaries who survived, Fred Trost, guardian of Leona Trost and Ardella Trost, Leona Trost, Ardella Trost and Fred Trost, individually, being those who would take if at all through Luella Trost, and William Trost and Raymond Mueller, administrators of the estate of Caroline Katherine Trost, deceased, were made parties defendant to the bill of interpleader.

The circuit court held that the entire proceeds of the policy should be divided between the surviving children of the insured to the exclusion of the other defendants herein. The administrators of Caroline Katherine Trost, the insured, prosecute this appeal. The children and surviving husband of Luella Trost have not appealed.

The sole question before us therefore is whether the circuit court erred in denying the right of the admin-

istrators of the insured to share in the proceeds of the policy.

Appellants have cited authorities to demonstrate that the beneficiary clause does not constitute a "class gift" and have argued from that point to the conclusion that the share of the designated beneficiary who predeceased the insured became a part of the intestate estate of the insured.

The authorities cited by counsel for both parties offer nothing more than fairly close analogies to this situation. In those cases where the surviving spouse was the named beneficiary and in the event of his or her death the proceeds were given to the "children," the authorities are rather sharply divided on the question whether the surviving children take to the exclusion of grandchildren or representatives of predeceased children as the case may be. See *Davis v. New York Life Ins. Co.,* 212 Mass. 310, 41 L. R. A. (N. S.) 250, and annotation. In such a situation our First District Appellate Court has upheld the rights of the surviving children: *Mutual Life Ins. Co. v. Devine,* 180 Ill. App. 422.

While it is true that prima facie a gift to individuals described by name is not a class gift, 28 Ruling Case Law, page 262, par. 235, *Blackstone v. Althouse,* 278 Ill. 481, this is far from a conclusive presumption, as the foregoing and like authorities agree.

But, if the above authorities were conclusive to the effect that the children, heirs or representatives of the predeceased child of insured, Luella Trost, should share in the proceeds of the policy, those authorities still do not support the attack by appellants, who are representatives of the estate of the deceased insured, Caroline Katherine Trost. We are in complete accord with the general views expressed in *Mutual Life Ins. Co. v. Devine, supra,* page 428: "Taking in connection with the language employed the well-known fact that life insurance is purchased for the benefit of the living

and not the dead, we feel that it was clearly the intention of the insured to have the insurance money paid to the children who should be alive at the time the policy should mature, and that for that reason, irrespective of all other considerations, the policy should be so construed."

The general provisions with respect to the contingent beneficiaries which we have quoted from the policy in question confirm our view. It provides that the proceeds shall be paid to the executors, administrators or assigns of the insured in the event *no* designated beneficiary survives the insured. It cannot be said that no designated beneficiary has survived. Neither can we construe that provision to mean that if *any* beneficiary fails to survive the insured his share shall be paid to the administrators of the insured. In fact a clear implication arises from the directions given in case *no* beneficiary survives, to the effect that if any survive such survivors shall receive the proceeds of the policy.

The decree of the circuit court of Monroe county is affirmed.

*Affirmed.*